# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

### OCTOBER TERM, 1917

[No. 2144]

PETER ZELAVIN, RESPONDENT, *v.* TONOPAH BELMONT DEVELOPMENT COMPANY (A CORPORATION), APPELLANT.

[149 Pac. 188; 161 Pac. 736]

1. COSTS—ON APPEAL—PRINTING EXPENSES—FILING AND SERVING COST BILL—COURT RULE.
    Under Sup. Ct. Rule 6, par. 2, providing that a party, desiring to recover as costs his printing expenses, shall within five days after the decision of the cause file with the clerk and serve on the opposite party a cost bill, stating the actual cost of the printing, service thereof on the opposite party within such time is as necessary as its filing with the clerk.

2. COSTS—ON APPEAL—RULE OF COURT—ENFORCEMENT.
    Sup. Ct. Rule 6, par. 2, making the filing and service of cost bill within five days after decision of cause a condition to recovery of printing expenses as costs, not being for the convenience of the court or tending to facilitate its business, its enforcement is not subject to its discretion.

APPEAL from Second Judicial District Court, Washoe County; *Cole L. Harwood*, Judge.

In the matter of cost bill of appellant, to which respondent filed objections with the Clerk of the Supreme Court. From the Clerk's adverse ruling, he appeals. **Ruling reversed.** (For opinion on former appeal, see 39 Nev. 1.)

VOL. 41—1

*Hugh H. Brown, H. R. Cooke,* and *Geo. B. Thatcher,* for Appellant:

Respondent objects to the item of $75 claimed in the cost bill for premium paid surety company for undertaking on appeal and stay of proceedings. This expense is especially allowed by statute. (Rev. Laws, 699.)

The objection that the cost bill was not filed and served within apt time, as provided by rule 6, subdivision 2, Rules of the Supreme Court, is not well taken, and is disproved by the records of the court.

*Dixon & Miller,* for Respondent:

There was no service of the cost bill upon the attorneys for the respondent, either within the time allowed by law or the time granted by one of the justices. Respondent is entitled to have the rule strictly enforced. Service upon respondent of a verified cost bill is as much a part of the rule as the filing of it with the clerk, and certainly no such service was made or was shown to have been made.

By the Court, COLEMAN, J.:

Respondent filed with the clerk of this court objections to the cost bill of appellant, and from an adverse ruling has appealed, pursuant to paragraph 3 of rule 6 of this court.

**1, 2.** While several objections are urged to the cost bill, we deem it necessary to consider only one of them, which is that the cost bill was not filed and served within the time required by paragraph 2 of rule 6, which reads:

"Either party desiring to recover as costs his expenses for printing or typewriting in any cause in this court, shall, within five days after the decision of the cause, file with the clerk and serve upon the opposite party a verified cost bill, setting forth or stating the actual cost of such printing or typewriting, and no greater amount than such actual cost shall be taxed as costs."

The decision in the case was filed June 5, 1915. On June 11, 1915, appellant filed its cost bill with the clerk of the court, but there is no showing that service was made on respondent on that or on any other day, except as it appears by inference from respondent's brief that it was

served on June 12.   It is urged that as appellant did not receive notice of the decision until June 6, that the cost bill was filed in apt time.   Conceding for the purpose of this case that this contention is correct, yet the service on respondent was not made within the required time. Such service on the respondent within the time required by the rule was as necessary as the filing of the cost bill with the clerk.   We think that the law applicable to the situation which confronts us in this matter was established by this court in *Haley* v. *Eureka County Bank*, 20 Nev. 423, wherein it is said:

"The courts may rescind, modify, or repeal their rules, or, in establishing them, may reserve the exercise of discretion; but where there is no such reservation in the rules, and they remain in full force, and are not in any respect repugnant to the provisions of the statute, they have, as before stated, the force and effect of law, and are equally binding upon the court and litigants, and should be applied and enforced in all cases, and upon all questions coming within their provisions.   *   *   *

"It is true that rules are sometimes adopted by courts, for their own convenience, which may be enforced or set aside at their own will and pleasure, as deemed meet and proper under the circumstances of each case. 'Such rules are mere engines to promote convenience in business, and when, from any peculiarity, they require to be suspended or waived, in order to promote justice, the power which made them can and ought to suspend them.' (*Wallace* v. *Clark*, 3 Woodb. & M. 362.)   But the rule under consideration is not of such a character."

The filing of a cost bill is not a matter of convenience to the court, nor could it tend to facilitate the business of the court, since it must be filed, if at all, subsequent to the disposition of the case by the court.   Therefore we do not think this is an instance in which the court can exercise its discretion.

For the reasons given, the ruling appealed from is reversed, and it is ordered that the objection to the cost bill be sustained.